UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROGER E. COWLES,**<br><br>            **Plaintiff,**<br><br>    v.<br><br>**CITY OF ELIZABETH, N.J.,**  a municipal corporation, **POLICE DEPARTMENT FIREARMS LICENSING EMPLOYEE LARON MURRAY in his individual capacity, FORMER CHIEF OF POLICE RONALD P. SIMON, in his individual capacity, ELIZABETH MAYOR J. CHRISTIAN BOLLWAGE in his individual capacity.**<br><br>            **Defendants.** | Civ. No. 2:13-cv-03222 (WJM)<br><br><br>**OPINION** |

*Pro se* plaintiff Roger Cowles brings the instant Section 1983 suit alleging that his Second, Fifth, and Fourteenth Amendment rights were violated when the City of Elizabeth denied his application for a gun permit (the "Application"). The Defendants are the City of Elizabeth, Officer Laron Murray, former Elizabeth Police Chief Ronald Simon, and Elizabeth's Mayor, Christian J. Bollwage. Mayor Bollwage alone moves without opposition for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that he had nothing to do with the denial of the Application. Nominally a summary judgment motion, Mayor Bollwage's motion is better understood as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because it relies only on the Complaint and various statutes. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will **GRANT** Mayor Bollwage's motion.

The Complaint states as follows: Roger Cowles lives in Elizabeth, New Jersey. Compl. ¶ 1, ECF No. 1. On February 4, 2011, Cowles applied for a Firearms Purchaser Identification Card and Handgun Purchase Permit at the Elizabeth Police Department. *Id.* ¶ 8. Cowles listed as references two New Jersey attorneys. *Id.* ¶ 9. On April 14, 2011, Officer Laron Murray told Cowles that his Application was incomplete because Cowles's references did not respond to inquiries from the Elizabeth Police Department. *Id.* ¶ 12. Officer Murray said that unless Cowles's references responded in two weeks, Cowles's Application would be terminated. *Id.* After meeting with Officer Murray, Cowles emailed his references and learned that they had not been contacted by the Elizabeth

Police Department. *Id.* ¶ 13. On April 15, 2011, Cowles returned to the Elizabeth Police Department and asked to speak with Officer Murray's supervisor. *Id.* ¶ 14. An unidentified officer said that Cowles's application had not been processed because Cowles's references had not been contacted. *Id.* This contradicted what Officer Murray had told Cowles. Roughly one month later, Cowles received a letter stating: "Your application submitted to this department on 1/31/11 for a gun permit is Incomplete and being terminated. It will be necessary for you to reapply in the future." *Id.* ¶ 15. After receiving this letter, Cowles spoke with his references, both of whom said they were never contacted by the Elizabeth Police Department. *Id.* ¶ 16.

On May 22, 2013, Cowles filed a one count Complaint under 42 U.S.C. § 1983 asserting violations of his Second (and Fourteenth) Amendment right to "keep and bear arms" and his Fifth (and Fourteenth) Amendment right to Due Process. The Complaint's fact section mentions Mayor Bollwage just once. It states: "[Police] Chief Ronald Simon and other City of Elizabeth department heads are appointed by Mayor Christian Bollwage and . . . Mayor Bollwage has ultimate administrative authority and responsibility." *Id*. ¶ 27. On July 11, 2013, Defendants filed an answer to the Complaint. ECF No. 8.

Though discovery has not yet begun, Mayor Bollwage moves without opposition for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of his motion, Mayor Bollwage relies on a "statement of uncontested facts." Bollwage Br. at 1-2, ECF No. 18. Those facts are either (1) citations to the Complaint, or (2) citations to New Jersey statutes that vest responsibility for the Elizabeth Police Department and its regulations outside of the Mayor's office. These are the sorts of facts courts routinely consider on a motion for judgment on the pleadings. *See Schott v. Doe*, No. 5-1730, 2007 WL 539645, at *4 (W.D. Pa. Feb. 15, 2007). Accordingly, it appears that what Mayor Bollwage labeled as a motion for summary judgment is actually a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (it is not a Rule 12(b)(6) motion to dismiss because it was filed after Defendants answered the Complaint). For this reason, the Court finds it appropriate to treat the instant motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Mayor Bollwage argues that even if Cowles's constitutional rights were violated, Mayor Bollwage cannot be held liable for those violations because the Complaint does not allege that Mayor Bollwage had any "personal involvement in the alleged wrongs." Bollwage Br. at 3 (quoting *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Mayor Bollwage is correct. The Third Circuit has recognized that "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Also, "[a] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.* Here, there is absolutely no indication that Mayor Bollwage established a policy concerning gun permit applications. Nor is there any indication that Mayor Bollwage knew about or participated

in the decision to deny the Application. Accordingly, the Court will **DISMISS** the Complaint against Mayor Bollwage. As there is no suggestion that Cowles could amend his Complaint to state a Section 1983 claim against Mayor Bollwage, the dismissal shall operate **WITH PREJUDICE**. *See In re NAHC Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002) (leave to replead properly denied on futility grounds). An appropriate order follows.

                                                    /s/ William J. Martini  
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 18, 2013**