UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROGER E. COWLES,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**CITY OF ELIZABETH, N.J.,** a municipal corporation, **POLICE DEPARTMENT FIREARMS LICENSING EMPLOYEE LARON MURRAY** in his individual capacity, **FORMER CHIEF OF POLICE RONALD P. SIMON,** in his individual capacity.<br><br>        **Defendants.** | Civ. No. 2:13-cv-03222 (WJM)<br><br>**OPINION** |

   After his application for a gun permit was terminated by the City of Elizabeth, *pro se* plaintiff Roger Cowles filed the instant Section 1983 action alleging a violation of his Second and Fourteenth Amendment rights. Defendants the City of Elizabeth ("Elizabeth"), former Elizabeth Police Chief Ronald Simon, and Elizabeth Police Department Firearms Licensing Clerk Laron Murray move for summary judgment pursuant to Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will **GRANT** summary judgment.

**I.    BACKGROUND**

   Unless otherwise noted, the following facts are undisputed. Laron Murray is a processing clerk in the Elizabeth Police Department's firearms licensing unit. Defendants' Statement of Material Facts ("DSMF") ¶ 1, ECF No. 43-2. As a processing clerk, Murray handles up to 5,000 applications per year and works on as many at 300 applications at a time. *Id.* ¶ 5. When he was hired as a processing clerk, Murray had already received a certification in background investigations and firearms applicant investigations. *Id.* ¶ 3. Murray has continued to re-certify every year through 2013. *Id.*
   On February 4, 2011, Roger Cowles filed a gun permit application (the "Application") with the Elizabeth Police Department. In accordance with N.J.S.A. 2C:58-3(e), Cowles listed the names of two references on his Application. Murray claims that he followed up by sending letters to Cowles's references. *Id.* ¶ 6. Murray's claim is corroborated by a departmental form indicating that letters were sent to Cowles's

references on January 11, 2011.  DSM, Exhibit E.  Cowles disputes that the letters were ever sent.  Plaintiff's Counterstatement to Defendants' Statement of Material Facts ¶ 6, ECF No. 45.  In support of his position, Cowles notes that he filed his Application on February 4, 2011, roughly one month after Murray supposedly contacted Cowles's references on January 11, 2011.  Regardless of whether letters were sent, it is clear that they were never received by Cowles's references.  DSM ¶ 10.

On April 7, 2011, Murray wrote Cowles a letter stating the following: "Your application submitted to this department on February 4, 2011 for a gun permit is incomplete.  Due to your references not responding.  It will be necessary for you to come in to the Record Room, 1st fl. Elizabeth Police Department."  *Id.* at Ex. J.  On April, 14, 2011, Cowles went to the Elizabeth Police Station, where he was told by Murray that unless his references responded by April 28, 2011, his Application would be terminated and he would have to reapply.  *Id.* ¶ 12.  Around this time, Cowles's references told him that they had not received any letters from the Elizabeth Police Department.  *Id.* ¶ 14.  Cowles did not ask his references to contact the Elizabeth Police Department.  *Id.* ¶ 16.  Nor did Cowles offer to hand-deliver the letters that his references had not received in the mail.  *Id.*

On May 23, 2011, Cowles received a letter from Murray stating that: "Your application submitted to this department on 1/31/11 for a gun permit is incomplete and being terminated.  It will be necessary for you to reapply in the future."  *Id.* at Ex. L.  Because Cowles's application was terminated, it was never seen by Elizabeth's Chief of Police, Defendant Simon.  *Id.* ¶ 28.

After he received the letter terminating his Application, Cowles did not contact his references, and nor did Cowles reapply for a gun permit.  *Id.* ¶ 18.  Instead, Cowles waited two years and then proceeded to file the instant lawsuit on May 22, 2013.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party.  *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

### III.     DISCUSSION

The Complaint contains two counts.  Counts I and II are claims brought under 42 U.S.C. § 1983 ("Section 1983")  alleging a violation of Cowles's right to keep and bear arms under the Second Amendment and the Fourteenth Amendment, and also alleging a violation of Cowles's due process rights under the Fourteenth Amendment.  The City of Elizabeth, Simon, and Murray move pursuant to Federal Rule of Civil Procedure 56 for summary judgment on both Count I and Count II.

#### A.     Elizabeth

To prevail on his Section 1983 claims against Elizabeth, Cowles must establish that Elizabeth has a policy or custom of violating constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  One way to do this is by establishing a failure to train employees that was so egregious as to exhibit a deliberate indifference to constitutional rights.  *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).  "Failure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations."  *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).  And while it might be "possible" to prevail on a failure to train claim without establishing a pattern of violations, a plaintiff would still have to establish that a violation of his constitutional rights was a "highly predictable consequence[]" of a failure to train municipal employees.  *Faisal v. Rahyway Police Dept.*, No. 13-376, 2014 WL 673066, at *4 (D.N.J. Feb. 20, 2014) (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).

Assuming that Cowles's constitutional rights were violated, there is no evidence that his rights were violated pursuant to a municipal policy or custom.  Cowles has not established a pattern of rights violations, nor has he established that the alleged violation of his rights was a "highly predictable consequence" of a failure to train.  Indeed, though Elizabeth receives 5,000 gun permit applications per year, Cowles has not pointed to any other instance in which an applicant did not get a gun permit because the Elizabeth Police Department did not contact the applicant's references.

Cowles's final attempt at establishing a failure to train is to argue that the Elizabeth Police Department routinely violates New Jersey law by "terminating" incomplete gun permit applications rather than "denying" them.  Here, Cowles notes that N.J.S.A. 2C:58-3provides that "[n]o person of good character . . . shall be **denied** a permit to purchase a handgun or a firearms purchaser identification card . . . ." (emphasis added).  Similarly, N.J.S.A. 2C:58-3(d) states that applicants "aggrieved by the **denial** of a permit" are entitled to a hearing in Superior Court.  (emphasis added).   While Cowles is correct that N.J.S.A. 2C:58-3 refers to "denials" rather than "terminations," nothing suggests to this Court that there is any material difference between a "denial" and a "termination."  For example, there is no evidence that Cowles was unable get a hearing because his application was terminated rather than denied.  The Court will **GRANT** Elizabeth's motion for summary judgment.

### B. Simon

Cowles's claims against Simon fare no better than Cowles's claims against Elizabeth. Cowles argues that Simon is liable under Section 1983 because Simon "[was] aware of and acquiesced in, a pattern of constitutional violations." Opp. Br. at 25 (quoting *City of Canton v. Harris*, 489 U.S. 378, 397 (1989)). Cowles cannot point to any evidence that Simon was involved with or even knew about Cowles's application. Further, Cowles makes no showing that Simon "acquiesced in a pattern of constitutional violations." Accordingly, the Court will **GRANT** Simon's motion for summary judgment.

### C. Murray

Finally, because no reasonable jury could find in favor of Cowles on his Section 1983 claims against Murray, the Court will grant summary judgment in Murray's favor. The Supreme Court has held that an individual's liberty and property rights under the Fourteenth Amendment are not violated by the "mere" negligence of a public employee. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Here, the undisputed facts, construed in the light most favorable to Cowles, establish at most that Murray was negligent when he failed to contact Cowles's references. If this were not the case—if Murray acted with an intent to prevent Cowles from getting a permit—Murray would not have taken the trouble to notify Cowles that his references had not responded. Similarly, if Murray really wanted to prevent Cowles from getting a gun permit, Murray would not have terminated the Application without prejudice and given Cowles a chance to reapply. Accordingly, the Court will **GRANT** Murray's motion for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** summary judgment in favor of Elizabeth, Simon, and Cowles. An appropriate order follows.

                                      /s/ William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 9, 2014**