UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROGER E. COWLES,**<br><br>        Plaintiff,<br><br>   v.<br><br>**CITY OF ELIZABETH, N.J.,** a municipal corporation, **POLICE DEPARTMENT FIREARMS LICENSING EMPLOYEE LARON MURRAY** in his individual capacity, **FORMER CHIEF OF POLICE RONALD P. SIMON,** in his individual capacity.<br><br>        Defendants. | Civ. No. 2:13-cv-03222 (WJM)<br><br>**OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Plaintiff Roger Cowles's motion for sanctions pursuant to Federal Rule of Civil Procedure 11. For the reasons set forth below, the motion is **DENIED**.

Cowles filed a 42 U.S.C. § 1983 suit against several defendants, including the City of Elizabeth ("Elizabeth"), alleging that his Second and Fourteenth Amendment rights were violated in connection with the termination of his gun permit application. The Court dismissed claims against Elizabeth's mayor pursuant to Federal Rule of Civil Procedure 12(c), and the Court granted summary judgment in favor of the additional defendants under Federal Rule of Civil Procedure 56.

The undisputed facts establish that Cowles applied for a gun permit with the City of Elizabeth. As part of his application, Cowles listed the names of two references. After those references failed to contact the Elizabeth Police Department, Cowles's application was terminated without prejudice. Cowles takes the position that his references never contacted the Elizabeth Police Department because they never received any inquiries from the Elizabeth Police Department.

In the instant motion for sanctions, Cowles takes issue with the following two statements that Defendants make in their reply brief to the motion for summary judgment. First, Defendants state: "[Cowles] incorrectly asserts that even without the input from his two references, he was entitled to have his application submitted to the Chief of Police for approval or denial, and that the termination of his application without prejudice to his right to reapply due to their lack of response is unconstitutional." ECF No. 46 at 3.

1

<u>Second</u>, Defendants state that *Adler v. Livak*, 308 N.J. Super. 219 (App. Div. 2000) "rejects plaintiff's groundless contention that the statute required his application to be submitted to the chief of police for grant or denial regardless of whether the application is complete." *Id.* at 5. Cowles takes the position that these statements are sanctionable under Rule 11 because he "never asserted in any complaint or Court filing that he was entitled to have his application submitted to the Chief of Police for approval or denial without the references letters required by statute or his application incomplete in any respect." ECF No. 47-1 at 3.

Rule 11 sanctions are proper "only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995) (internal quotation and citation omitted). "Sanctions are imposed only in those rare instances where the evident frivolousness of a claim or motion amounts to an abuse of the legal system." *Goldenberg v. Indel, Inc.*, No. 9-5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (internal quotation and citation omitted).

Cowles's arguments for sanctions lack merit. To begin with, Cowles argues that, contrary to Defendants' representation, he never said his application should have gone to the Chief of Police for an approval or denial. But one of Cowles's main arguments in opposition to summary judgment was that his application should have been approved or denied, rather than terminated. ECF No. 45 at 35-36. Next, Cowles argues that Defendants misrepresent the holding of *Adler*. Even if the Court were to agree that Defendants misread the holding of *Adler*, the Court cannot agree that Defendants' reading was "patently unmeritorious or frivolous." *Goldberg*, 2011 WL 1134454, at *2. Accordingly, the Court will **DENY** Cowles's Rule 11 motion. An appropriate order follows.

        /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 20, 2014**